UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHANNON W.,

                              **Plaintiff,**

  vs.                                                                     5:24-CV-944
                                                                                        (MAD/PJE)

COMMISSIONER OF SOCIAL SECURITY,

                              **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**OLINSKY LAW GROUP**                    **HOWARD D. OLINKSY, ESQ.**
250 South Clinton Street - Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **JASON P. PECK, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Shannon W., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability insurance benefits and supplemental security income. *See* Dkt. No. 1.

      In a Report-Recommendation and Order dated July 21, 2025, Magistrate Judge Paul J. Evangelista recommended that this Court (1) grant Plaintiff's motion for judgment on the pleadings, (2) deny the Commissioner's motion, and (3) reverse and remand the Commissioner's decision for further proceedings. *See* Dkt. No. 14. Neither party filed objections.

1

When no objections are made to a magistrate judge's recommendation, the Court reviews a report-recommendation for only clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quotation and footnote omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court finds no clear error in the Report-Recommendation and Order. Magistrate Judge Evangelista first correctly determined that the ALJ erred in making the determinations as to Plaintiff's physical limitations because the ALJ did not obtain a medical opinion concerning Plaintiff's physical impairments. *See* Dkt. No. 14 at 11. Courts frequently conclude that remand is necessary for an ALJ to obtain a medical opinion because although, "an ALJ's failure to request medical source opinions is not per se a basis for remand," that is only "where 'the record contains sufficient evidence from which an ALJ can assess the p[laintiff]'s residual functional capacity.'" *Russ v. Comm'r of Soc. Sec.*, 582 F. Supp. 3d 151, 163 (S.D.N.Y. 2022) (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 Fed. Appx. 29, 34 (2d Cir. 2013)). Magistrate Judge Evangelista correctly noted that the administrative transcript does not contain a single medical opinion concerning Plaintiff's physical limitations, which results in that portion of the ALJ's decision being unsupported by substantial evidence. *See* Dkt. No. 14 at 11; *see also Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) ("[T]here is no medical opinion at all supporting the ALJ's finding; this is not a matter of an ALJ's RFC finding simply diverting somewhat from the supporting medical opinion. . . . Further development is necessary").

Next, Magistrate Judge Evangelista correctly concluded that the ALJ's decision concerning Plaintiff's mental health limitations is unsupported by substantial evidence because the ALJ relied on stale medical opinions from state agency psychologists. *See* Dkt. No. 14 at 14-20. Magistrate Judge Evangelista explained that the ALJ relied on two opinions which reviewed Plaintiff's medical records from May 2021 through March 2022. *See id.* at 16. However, the administrative transcript also contains records from April 2021 and March 2022 through June 2023. *See id.* at 16-18. Those additional records demonstrate worse mental health symptoms than those considered by the state agency psychologists such that the ALJ's decision, which did not acknowledge the deterioration in Plaintiff's symptoms, requires remand. Magistrate Judge Evangelista was, therefore, correct to recommend remand. *See Robert T. S. v. Comm'r of Soc. Sec.*, No. 5:21-CV-38, 2022 WL 1746968, *14 (N.D.N.Y. May 31, 2022) ("[The] opinion cannot constitute substantial evidence where [the doctor] did not consider the records evidencing worse mental health symptoms or the mental health opinions of record opining greater mental limitations") (collecting cases).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Evangelista's Report-Recommendation and Order (Dkt. No. 14) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED and REMANDED for further proceedings**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 18, 2025
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge